IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>   10 S. Howard Street, Third Floor<br>   Baltimore, MD 21201<br><br>       Plaintiff,<br><br>       v.<br><br>MARYLAND INSURANCE ADMINISTRATION,<br>   200 St. Paul Place, Suite 2700<br>   Baltimore, MD 21202<br><br>       Defendant. | Civil Action No. _____<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963 to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, and to collect back wages due to employees as a result of such unlawful payment. The United Stated Equal Employment Opportunity Commission alleges that Defendant Maryland Insurance Administration discriminated against Charging Party Alexandra Cordaro, Charging Party Mary Jo Rogers, class member Marlene Green, and a class of similarly situated female employees by engaging in unlawful compensation discrimination by paying them lower wages than those paid to their male counterparts for performing equal work.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d).

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United State District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" and "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of the Equal Pay Act and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant Maryland Insurance Administration ("Defendant") has continuously been an Agency of the State of Maryland.

5. At all relevant times, Defendant has continuously been a public agency within the meaning of Sections 3(x) of the FLSA, 29 U.S.C. § 203(x).

6. At all relevant times, Defendant has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all relevant times, Defendant has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i), and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i), and (j).

8. At all relevant times, Defendant has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprise has continuously been engaged in the activity of a public agency.

## STATEMENT OF CLAIMS

9. Since at least December 2009, Defendant has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying Alexandra Cordaro, Mary Jo Rogers, Marlene Green, and a class of similarly situated female employees lower wages than those paid to their male colleagues for performing equal work as investigators and/or enforcement officers.

10. As a result of the acts complained of above, Defendant unlawfully has withheld and is continuing to withhold the payment of wages due to Alexandra Cordaro, Mary Jo Rogers, Marlene Green, and a class of female employees who received lower compensation than their male colleagues.  The practices include paying wages to its female investigators and/or enforcement officers at rates less than the rates paid to male employees in the same establishment for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

11. The unlawful practices complained of in paragraph 10 above were willful.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating within any of its establishments between employees on the basis of sex, by paying wages to employees of one sex at rates less than the rates at which it pays wages to employees of the opposite sex for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C.      Grant a judgment requiring Defendant to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to employees whose wages are being or were unlawfully withheld as a result of the acts complained of above, including but not limited to Alexandra Cordaro, Mary Jo Rogers, Marlene Green, and a class of similarly situated female employees paid lower compensation than their male counterparts for performing equal work.

D.      Grant such further relief as the Court deems necessary and proper in the public interest.

E.      Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE, Bar No. 04312
Regional Attorney

by DML

MARIA LUISA MOROCCO, Bar No. 24357
Supervisory Trial Attorney

KEYANA C. LAWS
Senior Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107
Phone: (215) 440-2642
Fax: (215) 440-2848
Keyana.Laws@eeoc.gov