IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | * * * | |
| v. | * * | Civil No. – JFM-15-1091 |
| MARYLAND INSURANCE ADMINISTRATION | * * | |

\*\*\*\*\*\*

## MEMORANDUM

This is an action brought by the United States Equal Employment Opportunity Commission alleging that the Maryland Insurance Agency ("the MIA") violated the Equal Pay Act of 1963, 29 U.S.C. §206(d)(1), by paying three female Fraud Investigators lower wages then the wages paid to male Fraud Investigators and to male Compliance and Enforcement Officers. The EEOC has moved for summary judgment on all issues of liability, and MIA has filed a motion for summary judgment. The EEOC's motion will be denied, and the MIA's motion will be granted.

The three Fraud Investigators whom the EEOC contends were discriminated against are Alexandra Cordaro, Marlene Green, and Mary Jo Rogers. Cordaro was hired as a Fraud Investigator in December 2009 at an annual salary of $43,495. Green was hired as a Fraud Investigator in November 2010 at an annual salary of $43,759. Rogers transferred to the MIA's fraud unit in July 2011 as an Investigator, and she remained at her previous annual salary when transferred - $46,268.

The EEOC claims that Cordaro, Green, and Rogers were paid less than Bruno Conticello, Homer Pennington, James Hurley, and Donald Jacobs, four other Fraud Investigators. However,

1

these four Fraud Investigators were hired at higher steps than were Cordaro, Green, and Rogers. Conticello was hired as a Fraud Investigator in November 2010 at a Grade 15, Step 10. He had 16 years and 4 months as a State employee, and 12 years as an Insurance Fraud Examiner for Liberty Mutual Insurance. He also had earned the designation of Certified Fraud Examiner. Hurley was hired at a Grade 15, Step 6. He had over 5 years of State employment, including 3 years with the MIA, and had obtained his Certified Fraud Examiner designation. Pennington was hired in August 2007 at a Grade 15, Step 5. He had 30 years of law enforcement experience, including training obtained at the National Fire Academy on arson investigations. Jacobs was hired as a Fraud Investigator in April 2007, at Grade 15, Step 6.

Cordaro and Green were hired at Grade 15, Step 4. Three other employees, 2 of whom were male, were hired at Grade 15, Step 4 at approximately the same time as Cordero. Green was hired at a Grade 15, Step 4. Rogers was hired at Grade 15, Step 5. Cordero and Green did not have prior State experience. Rogers had not earned the designation of Certified Fraud Examiner and did not have prior law enforcement experience. Thus, as to all of the comparable male employees to which the EEOC points, reasons other than gender justified the pay disparity between them.

The EEOC also uses as comparators Lawrence Gross and Morris Xenos, two employees of the MIA who worked in entirely different units. Nevertheless, the EEOC asserts that the position were the same based upon a 2013 job study performed by Carla Harrison, a Human Resources Specialist of the MIA, that resulted in the reclassification of the position of Fraud Investigator to Grade 16. Harrison testified on deposition, however, that Fraud Investigators and Enforcement Officers did not perform the same job, the touchtone for analysis under the EPA. In any event, the MIA hires people under what has been characterized as "a merit system for

2

purposes of the EPA." *Cohens v. Maryland Dept, of Human Res.*, 933 F. Supp. 2d 735, 750 (D. Md. 2013). The mere fact that jobs were reclassified under that system does not *ipso facto* establish a violation of the EPA.

Moreover, Gross and Xenos do not constitute appropriate "comparables" for Cordaro, Green, and Rogers. Gross was hired at a Grade 15, Step 13. He had been a contractual employee of the MIA before his being hired as an Enforcement Officer, and he had substantial experience in the private sector prior to his being hired. Xenos likewise had been a contractual employee of the MIA prior to his being hired as a Enforcement Officer, and he had substantial experience in real estate transactions prior to being hired as an Enforcement Officer.

A separate order effecting the rulings made in this memorandum is being entered herewith.

Date: October 14, 2016

J. Frederick Motz
United States District Judge